CLARKE and others *vs.* SAWYER and others.

Whether the court of chancery has jurisdiction to decree a will void, except by consent of parties, without awarding an issue *devisavit vel non?* *Quære.*

Where there is a want of jurisdiction in the court to declare a will void, upon a bill filed for that purpose, the bill should not be dismissed absolutely, so as to bar the complainant's rights; but it should be dismissed without prejudice to his rights at law.

Where a testator has been induced to make a will in consequence of a gross fraud practised upon him, by means of a conspiracy, the court of chancery has power, by consent of parties, to make a decree declaring the same void, and that it was obtained by fraud and imposition, so far as relates to the parties to the suit.

THIS was an appeal, from a decree of the assistant vice chancellor of the first circuit, dismissing the complainants' bill. The bill was filed by the two nieces of John Fisher, deceased,

to set aside an instrument purporting to be a will, devising his real estate. The statement of the facts, in substance, is contained in the report of the case upon an appeal from the surrogate in relation to a probate of the same instrument as a will of personal property. (*See Clark* v. *Fisher,* 1 *Paige's Rep.* 171.)

*W. Silliman,* for the complainant.

*D. S. Jones,* for the respondent.

THE CHANCELLOR. I should have had some doubts as to the jurisdiction of this court to decree a will void without awarding an issue *devisavit vel non,* if all objection to the jurisdiction of the court had not been obviated by the consent of the parties. But even if there was a defect of jurisdiction, the bill should not have been dismissed absolutely, so as to bar the complainants' rights; but it should have been dismissed without prejudice to the rights of the complainants at law. The counsel for the parties, however, upon the argument, agreed that if the court should be against the respondents on the merits, a decree might be made in favor of the appellants without reference to the question of jurisdiction to make such a decree; but without prejudice to the right of the defendants to appeal therefrom, upon the merits, so as to make a final disposition of the matter in controversy between the parties. The only questions necessary to be considered, therefore, are whether the decedent was of sound and disposing mind and memory at the time of making the alleged will, and was fully aware of the nature and contents thereof, at the time it was executed; and if so, whether it was or was not obtained from him by fraud and imposition, or undue and improper influence. As the testimony in the case is the same which was before me upon the appeal from the surrogate, in relation to the validity of the instrument as a will of personal property, and as there is nothing in the pleadings materially to change the case, I have only considered it necessary to re-examine the evidence,

Clarke *v.* Sawyer. ·

to see if it would make any different impression upon my mind from what it made on that occasion. And upon a careful examination of the case, after a most able argument thereof by counsel, I cannot bring my mind to the conclusion that this will should be sustained, upon any principle of justice or fair dealing in reference to testamentary dispositions of property.

It is not necessary here to repeat the reasons which I formerly gave for considering the instrument in question invalid, as a testamentary disposition of property, not only from want of mental capacity on the part of John Fisher to dispose of his estate by will, but also because, even if sufficient mental capacity existed, there is no evidence that he knew the contents of the instrument to which he was induced to put his name. And there is conclusive evidence to show that if he had mental capacity, he was induced to make the will by a most gross and outrageous fraud practised upon him, in relation to the supposed child of his lunatic brother; which brother had been persuaded, by the conspirators, to have a ceremony of marriage performed between him and the woman who afterwards padded herself up for the purpose of the imposition, and then stole the child from the almshouse to carry out the plan of the conspirators. I must accordingly declare the will void, so far as the rights of the parties to this suit, in the real estate of the testator, are concerned. The part of the decree, therefore, which declares it valid, and directs the bill to be dismissed with costs, as to these respondents, must be reversed. And a decree must be entered declaring the will void, so far as relates to the parties to this suit; and also declaring that it was obtained by fraud and imposition. The respondents must likewise be ordered to deliver up the real estate in question, to the appellants; and must account to the complainants for the rents and profits received by them respectively, subsequent to the filing of the bill in this cause, over and above the dower right of the de fendant Diana Sawyer in the premises. It must be referred to one of the masters of this court, or in case the office of master shall become vacant before the execution of such reference, then to a referee to be appointed by the supreme court in

Kidd *v.* Chapman.

equity, to take an account of such rents and profits; and the question of costs, and all other questions and directions are reserved until the coming in and confirmation of the report.